IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| James McCarthy, | : | |
| | : | Case No. 1:24-cv-79 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting in Part and Denying in Part Motion to Dismiss |
| Krupp Moving and Storage II, LLC, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant Krupp Moving and Storage II, LLC's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 4.) Plaintiff James McCarthy hired Krupp to move his belongings from a residence in Montgomery, Ohio to a residence in Boston, Massachusetts in November 2022. McCarthy then filed this suit against Krupp asserting claims under the Carmack Amendment to the Interstate Commerce Act of 1877, 49 U.S.C § 14706, *et seq.*, and Ohio law for Krupp's alleged wrongful conduct during its performance of the moving contract. Krupp now moves to dismiss the second through tenth claims for relief alleged in the Complaint—the Ohio law claims—on the basis of Carmack Amendment preemption. For the reasons that follow, the Court will **GRANT IN PART** and **DENY IN PART** the Motion to Dismiss.

I.   BACKGROUND

A.   **Factual Allegations**

The well-pleaded allegations of the Complaint are assumed to be true for purposes of a Rule 12(b)(6) dismissal motion. McCarthy signed an Estimate on November 4, 2022 and then a Contract on November 15, 2022 with Krupp for Krupp to provide two trucks and five movers to

1

pack and move the McCarthy family's belongings from Montgomery, Ohio to Boston, Massachusetts. (Doc. 1 at PageID 2–3.) The Contract included listed charges for payment amounting to $19,044.48. (*Id.* at PageID 3.) Krupp promised McCarthy it would provide two 26-foot trucks for the move. (*Id.*)

Krupp's movers did not follow McCarthy's organizational system when it packed up his Ohio residence. (*Id.* at PageID 4–5.) Krupp provided one 26-foot truck, but the second truck was only 16-feet long. (*Id.* at PageID 5.) Krupp's trucks did not have enough storage space to move all McCarthy's belongings. (*Id.* at PageID 5–7.) The movers placed McCarthy's belongings in the truck without wrapping or protecting them, resulting in multiple items becoming damaged or stained. (*Id.* at PageID 8–9.) Krupp charged McCarthy $21,406.53 for its services, more than $2,000 in excess of the Contract price. (*Id.* at PageID 10.)

**B.     Procedural History**

McCarthy initiated this suit against Krupp on February 20, 2024. He asserted ten claims for relief:

- First:  Violation of the Carmack Amendment, 49 U.S.C. § 14706, *et seq.*;
- Second:  Breach of Contract;
- Third:  Unjust Enrichment—In the Alternative;
- Fourth:  Conversion;
- Fifth:  Fraud;
- Sixth:  Negligent Misrepresentation–In the Alternative;
- Seventh:  Violation of the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code § 1345.01, *et seq.*;
- Eighth:  Violation of the Ohio Deceptive Trade Practices Act ("ODTPA"), Ohio Revised Code § 4165.01, *et seq.*;
- Ninth:  Negligence; and

- Tenth: Intentional Infliction of Emotional Distress.

(*Id.* at PageID 10–17.)

Krupp now moves to dismiss the second through tenth claims for relief on the basis that all of the state law claims are preempted by the Carmack Amendment. (Doc 4.) McCarthy filed a Memorandum in Opposition, to which Krupp filed a Reply. (Docs. 5, 8.)

## II. STANDARDS GOVERNING MOTIONS TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, a complaint must comply with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (quoting Rule 8(a)(2)). It must include sufficient facts to state a claim that is plausible on its face and not speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A district court examining the sufficiency of a complaint must accept well-pleaded facts as true, but not legal conclusions or legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678–679; *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014).

## III. ANALYSIS

Krupp moves to dismiss the Ohio law claims on the basis of Carmack Amendment preemption. The Sixth Circuit has explained the purpose of the Carmack Amendment and its preemption effect:

> The Carmack Amendment, enacted in 1906 as an amendment to the Interstate Commerce Act, 24 Stat. 379, created a national scheme of carrier liability for loss or damages to goods transported in interstate commerce. *See Adams Express Co.*

3

> *v. Croninger*, 226 U.S. 491, 503-06, 33 S. Ct. 148, 57 L. Ed. 314 (1913).  The Amendment restricts carriers' ability to limit their liability for cargo damage.  It makes a motor carrier fully liable for damage to its cargo unless the shipper has agreed to some limitation in writing.  49 U.S.C. § 11706(a), (c), § 14101(b).  Making carriers strictly liable relieves shippers of the burden of determining which carrier caused the loss as well as the burden of proving negligence. *Certain Underwriters at Interest at Lloyds of London v. UPS*, 762 F.3d 332, 335 (3d Cir. 2014).  Carriers in turn acquire reasonable certainty in predicting potential liability because shippers' state and common law claims against a carrier for loss to or damage were preempted. *Id.*
>
> Section 14706(a)(1) makes the carrier liable to the person entitled to recover under the receipt or bill of lading. 49 U.S.C. § 14706(a)(1).

*Exel, Inc. v. S. Refrigerated Transp., Inc.*, 807 F.3d 140, 148 (6th Cir. 2015).

"It is well settled that the Carmack Amendment completely preempts a shipper's state common law and statutory causes of action." *Renouf v. Aegis Relocation Co. Corp.*, 641 F. Supp. 3d 439, 446 (N.D. Ohio 2022).  The Carmack Amendment "embraces the subject of the liability of the carrier under a bill of lading . . . so completely that there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it." *Adams Express Co. v. Croninger*, 226 U.S. 491, 505–506 (1913).  Therefore, the Carmack Amendment governs "when damages are sought against a common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage." *Am. Synthetic Rubber Corp. v. Louisville & N. R. Co.*, 422 F.2d 462, 466 (6th Cir. 1970).  "All state law claims for loss or damage to property arising out of the interstate transportation of household goods are preempted." *Yonak v. United Van Lines, LLC*, No. 1:23CV0092, 2023 U.S. Dist. LEXIS 100257, at *15 (N.D. Ohio June 8, 2023).  The Carmack Amendment generally preempts "state law causes of actions against an interstate motor carrier for fraud, tort, intentional and negligent infliction of emotional stress, breach of contract, breach of implied warranty, breach of express warranty and state deceptive practices acts, etc." *Automated Window Mach., Inc. v. McKay Ins. Agency, Inc.*, 320 F. Supp. 2d 619, 620 (N.D.

4

Ohio 2004).

Despite this broad preemptive effect, McCarthy argues that his Ohio claims fall within a "very limited exception" to Carmack Amendment preemption for "state law claims that are unrelated to loss or damage to goods from interstate transport." *Yonak*, 2023 U.S. Dist. LEXIS 100257, at *15. "[C]laims survive this preemption only when they are 'separate and independently actionable harms that are distinct from the loss of, or the damage to, the goods.'" *Next F/X, Inc. v. DHL Aviation Ams., Inc.*, 429 F. Supp. 3d 350, 361 (E.D. Ky. 2019) (internal quotation and citation omitted). On the other hand, claims are preempted if they "involve a failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination." *Renouf*, 641 F. Supp. 3d at 447 (internal quotation and citation omitted).

The Court will apply this precedent to determine whether each of McCarthy's state law claims are preempted.

**A. Breach of Contract (Second Claim for Relief) and Unjust Enrichment (Third Claim for Relief)**

McCarthy alleges in the breach of contract and unjust enrichment claims that (1) that Krupp charged him more than the agreed-upon cost for the move and (2) that Krupp failed to provide two 26-foot trucks and therefore was unable to move certain goods. (Doc. 1 at PageID 11–12.) McCarthy cites a Northern District of Texas case for the proposition that claims for overcharges are not preempted because they are "separate and apart from the loss or damage to [ ] shipped property." *Hilgers v. VIP Moving & Storage Inc.*, No. 3:19-CV-1472-S, 2020 WL 7059589, at *5 (N.D. Tex. Dec. 2, 2020). Similarly, he relies primarily on a case from the District of Vermont to argue that claims arising from a carrier's failure to accept certain goods for transportation are exempt from Carmack Amendment preemption. *See Counter v. United Van Lines, Inc.*, 935 F. Supp. 505, 506 (D. Vt. 1996) (noting that the carrier did not issue a bill of

5

lading and did not ship any goods).

However, McCarthy fails to address case law from district courts in the Sixth Circuit holding to the contrary. In *Renouf*, a Northern District of Ohio court held that a fraudulent inducement claim against a carrier for failing to honor its quote and delivery date was preempted. 641 F. Supp. 3d at 447. The court favorably cited cases from other jurisdictions holding that a claim for charging an improper rate and a claim based on a fraudulent estimate were both preempted. *Id.* (citing *Duerrmeyer v. Alamo Moving & Storage One, Corp.*, 49 F. Supp. 2d 934, 936 (W.D. Tex. 1999) (improper rate) and *United Van Lines, Inc. v. Shooster*, 860 F. Supp. 826, 828–29 (S.D. Fla. 1992) (fraudulent estimate)). The Court finds *Renouf* more persuasive than *Hilgers* on the issue of whether a plaintiff can assert a state law claim for overcharges. Any claim for overcharges, whether sounding in contract or tort, is preempted because "it seeks damages flowing from the shipping agreement with [Krupp]." *Id.*

Likewise, the courts in the Eastern District of Kentucky and the Northern District of Ohio agree that claims for failing to deliver goods are preempted. The *Next F/X* court held that a plaintiff's negligence claim that the carrier failed "to provide the necessary resources to effect carriage of the entirety of Next FX's shipment" was preempted. 429 F. Supp. 3d at 362. Similarly, in *Yonak*, the plaintiffs alleged in part that the carrier provided a smaller truck than needed, causing them to have to leave goods behind. *Yonak*, 2023 U.S. Dist. LEXIS 100257, at *3–4. The district court held that claims alleging fraud and violations of the OCSPA based on these allegations arose from the interstate shipment of household goods and were preempted. *Id.* at *16. The allegations in *Next F/X* and *Yonak* are more analogous to this case than are those in the *Counter* decision cited by McCarthy. The defendant carrier in *Counter* did not perform the transportation contract and did not take even possession of the plaintiff's goods because the

6

parties had a falling out over the cost before the shipment date. 935 F. Supp. at 506, 508. Though the Carmack Amendment did not apply to the plaintiff's claims in *Counter*, it does apply to preempt the breach of contract and unjust enrichment claims here for failing to deliver goods. The Court will dismiss the breach of contract and unjust enrichment claims.

**B.     Conversion (Fourth Claim for Relief)**

McCarthy alleges in the conversion claim that Krupp wrongfully denied him immediate possession of certain items of personal property because it failed to provide a sufficiently large moving truck, forcing him to leave the items behind. (Doc. 1 at PageID 13–14.) Krupp moves to dismiss the claim as preempted. The Court has already held that claims based on a carrier's failure to provide a sufficiently large truck to transport all of a plaintiff's goods are preempted by the Carmack Amendment. *See Next F/C*, 429 F. Supp. 3d at 362; *Yonak*, 2023 U.S. Dist. LEXIS 100257, at *3–4, 16.

McCarthy does not dispute that his conversion claim as pleaded should be preempted. Instead, he points to a case holding that "claims for 'true conversion,' where the carrier appropriates the property for its own use or gain, are not preempted." *Cent. Transp. Int'l, Inc. v. Alcoa, Inc.*, No. 06-CV-11913-DT, 2006 WL 2844097, at *4 (E.D. Mich. Sept. 29, 2006). McCarthy asks for leave to file an amended complaint if evidence of a "true conversion claim" is discovered. He has not alleged facts to support a true conversion claim in the Complaint, nor has he submitted a proposed amended complaint with a true conversion claim for the Court's consideration. The Court will not grant leave to amend at this time based on speculation.[1] The Court will dismiss the conversion claim pleaded in the Complaint because it is preempted.

---

[1] McCarthy can file a motion to amend pursuant to Federal Rule of Civil Procedure 15(a)(2) if appropriate circumstances arise.

C. **Fraud (Fifth Claim for Relief), Negligent Misrepresentation (Sixth Claim for Relief), OCSPA (Seventh Claim for Relief), and ODTPA (Eighth Claim for Relief)**

McCarthy alleges in the fraud, negligent misrepresentation, OCSPA, and ODTPA claims that Krupp is liable for falsely stating that it could move all of his personal property from Montgomery, Ohio to Boston, Massachusetts. (Doc. 1 at PageID 14–16.) In his brief, McCarthy cites to Krupp's allegedly broken promise to provide two 26-foot-long trucks for the move. Once again, the Court holds that that claims based on a carrier's failure to provide a sufficiently large truck to transport all of a plaintiff's goods are preempted by the Carmack Amendment. *See Next F/C*, 429 F. Supp. 3d at 362; *Yonak*, 2023 U.S. Dist. LEXIS 100257, at *3–4, 16.

McCarthy's reliance on a decision to the contrary by the Supreme Court of Texas in 1980, *Brown v. Am. Transfer and Storage Co.*, 601 S.W.2d 931 (1980), is not persuasive. The court in *Brown* held that a Texas Deceptive Trade Practices Act claim for misrepresentations made before the contract was signed was not preempted. *Id.* at 933, 938. However, the *Brown* decision has been heavily criticized and not followed by federal courts. *See, e.g.*, *Hayes v. Stevens Van Lines, Inc.*, No. 4:14-CV-982-O, 2015 WL 11023794, at *2 (N.D. Tex. Jan. 27, 2015) ("Because Plaintiffs' DTPA state claims involve damages to goods arising from the interstate transportation of those goods by a common carrier, the Court finds that the claims should be dismissed as they are preempted by the Carmack Amendment."); *Franyutti v. Hidden Valley Moving & Storage, Inc.*, 325 F. Supp. 2d 775, 778 (W.D. Tex. 2004) ("Because [the *Brown*] holding occurred prior to many of the Supreme Court and Fifth Circuit opinions relied upon, it's holding has limited value."); *Schultz v. Auld*, 848 F. Supp. 1497, 1503 (D. Idaho 1993) (calling *Brown* "clearly inconsistent with decisions of the United States Supreme Court and the federal circuits to have directly addressed the issue"). This Court, likewise, will not follow *Brown*. The fraud, negligent misrepresentation, OCSPA, and ODTPA claims will be dismissed.

**D.      Negligence (Ninth Claim for Relief)**

In the negligence claim, McCarthy alleges that Krupp owed him a duty to exercise reasonable care in providing moving services and that Krupp breached that duty by, "among other things, backing a moving truck into a centuries old tree at [his] new house in Boston, Massachusetts." (Doc. 1 at PageID 16–17.) Krupp's argument to dismiss this claim is different. He asserts that McCarthy lacks standing to assert this claim or fails to plead a claim for negligence because it is not clear from the allegations whether he owns the tree in question and what damage the tree suffered. The Court will not dismiss the claim on this basis. McCarthy alleged that the tree is "at [his] new house." (*Id.* at PageID 17.) He also alleges that the unspecified harm to the tree "infuriate[ed] both [him] and his new neighbors" and that he "suffered damages." (*Id.* at PageID 8, 17.) These allegations are sufficient to state a plausible claim for relief for purposes of Rule 12(b)(6).

Krupp also moves to dismiss the negligence claim on the grounds of Carmack Amendment preemption. Krupp argues that preemption embraces all losses resulting from any "failure to discharge a carrier's duty as to any part of the agreed transportation," and the damage the tree allegedly resulted from a breach of that duty. *Renouf*, 641 F. Supp. 3d at 447. McCarthy, on the other hand, argues that a negligence claim for damage to an item separate from the goods shipped in interstate commerce are not preempted. Claims are not preempted "when they are separate and independently actionable harms that are distinct from the loss of, or the damage to, the goods." *Next F/X, Inc.*, 429 F. Supp. 3d at 361 (internal quotation and citation omitted); *see also Val's Auto Sales & Repair, LLC v. Garcia*, 367 F. Supp. 3d 613, 620 (E.D. Ky. 2019) ("[T]he Carmack Amendment does not preempt state law claims that involve separate and independently actionable harms to a shipper that are distinct from the loss of, or damage to,

9

goods that were shipped in interstate commerce."). Neither party cites a case on point where the defendant carrier's negligence during the transportation of household goods causes physical damage to an item of property separate from the transported goods.

The Court has found case law on point from other jurisdictions. In *Gale v. Ramar Moving Syss., Inc.*, No. No. CCB–13–487, 2013 WL 3776983, at *2–3 (D. Md. July 16, 2013), the district court refused to dismiss negligence claims brought for damage to the plaintiff's home and non-shipped goods. Likewise, another district court found no intent by Congress in the Carmack Amendment "to regulate damage to residences incurred during interstate shipment of goods." *Rehm v. Baltimore Storage Co.*, 300 F. Supp. 2d 408, 415–416 (W.D. Va. 2004). On the other hand, a district court in New Jersey did dismiss a claim for damage to the plaintiff's residence because it resulted from the defendant carrier's failure to properly discharge its duties under the shipping contract. *Raineri v. N. Am. Van Lines, Inc.*, 906 F. Supp. 2d 334, 340 (D.N.J. 2012). In the absence of guidance from the Sixth Circuit, the Court is persuaded that the damage to the tree is sufficiently separate from the regulation of the interstate shipment of goods that it falls outside the zone of preemption. The Court will not dismiss the negligence claim.

E.  **Intentional Infliction of Emotional Distress (Tenth Claim for Relief)**

Finally, McCarthy alleges that Krupp is liable for intentional infliction of emotional distress because Krupp's failure to provide sufficiently large moving trucks forced him to have to throw away "priceless family heirlooms" that did not fit into the trucks. (Doc. 1 at PageID 17.) Krupp once again argues that the claim is preempted, but McCarthy asserts that it is not. McCarthy points out that the Eastern District of Kentucky in *Next F/X* cited favorably to a Seventh Circuit decision allowing an intentional infliction of emotional distress claim based on the destruction of valuable personal possession to go forward. 429 F. Supp. 3d at 361 (citing

10

*Gordon v. United Van Lines*, 130 F.3d 282, 285, 289–290 (7th Cir. 1997)). The Seventh Circuit opinion in *Gordon*, however, does not help McCarthy here. The Seventh Circuit stated that a claim for intentional infliction of emotional distress is not preempted where it "allege[s] liability on a ground that is separate and distinct from the loss of, or the damage to, the goods that were shipped in interstate commerce." *Gordon*, 130 F.3d at 289. McCarthy's claim for intentional infliction of emotional distress explicitly is premised on the loss of his personal possessions and would be preempted under the *Gordon* standard. (Doc. 1 at PageID 17.) The Court will dismiss McCarthy's claim for intentional infliction of emotional distress as preempted. *See Automated Window Mach.*, 320 F. Supp. 2d at 620 (stating that "state law causes of actions against an interstate motor carrier for . . . intentional and negligent infliction of emotional [dis]tress . . . are pre-empted").

### IV. CONCLUSION

For the foregoing reasons, Krupp's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. It is granted insofar as the second through eighth claims for relief and the tenth claim for relief are **DISMISSED WITH PREJUDICE** based on Carmack Amendment preemption. It is denied insofar as the ninth claim for relief is not preempted or dismissed. This case will continue forward on first claim for relief for violation of the Carmack Amendment and the ninth claim for relief for negligence.

**IT IS SO ORDERED.**

                BY THE COURT:

                S/Susan J. Dlott
                Susan J. Dlott
                United States District Judge